99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Eddie WILLIAMS, Appellant,
v.
KNOB NOSTER SCHOOL DISTRICT, Appellee.
 No. 96-1057.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 4, 1996.
Filed: Oct. 8, 1996.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eddie Williams, a custodian at Knob Noster School District, brought this action under 42 U.S.C. § 1981, claiming that the district intentionally discriminated against him based on his race when it failed to promote him to head custodian in 1994. The district court[1] granted summary judgment in favor of Knob Noster and denied Williams's subsequent motion for reconsideration. Williams appeals both orders; we affirm.
 
 
 2
 As Williams offered no direct evidence of discrimination, the district court properly analyzed his case under the three-stage analysis outlined in McDonnell Douglas v. Green, 411 U.S. 792 (1973), and Williams's arguments to the contrary are without merit. See Shannon v. Ford Motor Co., 72 F.3d 678, 682 (8th Cir.1996). We assume, as the district court did, that Williams established a prima facie case of race discrimination.
 
 
 3
 The burden of production then shifted to Knob Noster to rebut the presumption of discrimination with evidence that Williams was rejected for a legitimate, nondiscriminatory reason. See id. We conclude Knob Noster sufficiently made such a showing in its motion for summary judgment, providing documentation demonstrating Williams's attendance and performance deficiencies, as well as affidavits from the relevant decisionmakers expressing concern about Williams's ability to supervise and lead others.
 
 
 4
 When Knob Noster rebutted Williams's prima facie case of discrimination, Williams then had the burden to come forward with evidence which, if believed, would establish that intentional discrimination was the true reason for Knob Noster's adverse employment action. After careful review of the summary judgment record, and de novo review of the district court's decision, we agree that summary judgment was appropriate because Williams failed to present a submissible case of discrimination. His contention that St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993), does not permit the grant of summary judgment in favor of an employer in these circumstances is contrary to the law of this circuit. See Krenik v. County of Le Sueur, 47 F.3d 953, 958-60 (8th Cir.1995). Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOHN T. MAUGHMER, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)